**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RALPH DEL VALLE,

                             Plaintiff,

    - v -                                      Civ. No. 9:20-CV-1369
                                                         (MAD/DJS)

LEONARD, *Corrections Officer*,

                             Defendants.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

RALPH DEL VALLE
Plaintiff, *Pro Se*
13-A-2183
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

HON. LETITIA JAMES                              BRENDA T. BADDAM, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

    *Pro se* Plaintiff Ralph del Valle brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his civil rights. Presently pending is Defendant's Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 41(b), based on Plaintiff's failure to prosecute. Dkt. No. 22. Plaintiff has not filed a response to the Motion. For the reasons which follow, the Court recommends that the Motion to Dismiss be granted.

## I. DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of**

**address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). The Court has not had any communication from Plaintiff since November 2020. Dkt. No. 6. Since that time all mail sent by the Court to Plaintiff's last address of record has been returned as undeliverable. Dkt. Nos. 15, 18, 21, & 24.[1] Defense counsel's attempts to contact Plaintiff have also been returned as undeliverable. Baddam Decl. at ¶¶ 12 & 15. As a result, the Court has no means by which to effectively communicate with him. The Court finds that this period of noncompliance with the requirement that he notify the Court and Defendant of his current address is itself a basis for dismissal. *Fenza v. Conklin*, 177 F.R.D. at 127.

---

[1] Plaintiff's last known address is Mid-State Correctional Facility, but it appears he was released from custody on February 1, 2021. Dkt. No. 22-2, Baddam Decl., ¶ 6.

Consideration of the standards articulated in *Lewis* and *Lucas* further supports granting this Motion. Plaintiff's failure to prosecute and comply with the Court's procedural rules have caused a significant delay. Defendant's inability to communicate with Plaintiff makes it impossible to conduct discovery or to depose Plaintiff. That inability clearly prejudices Defendant's ability to defend the case. *Reid v. Russell*, 2020 WL 1250427, at *2 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1245405 (N.D.N.Y. Mar. 16, 2020); *Chavis v. S. Ryan*, 2008 WL 4934605, at *3 (N.D.N.Y. Nov. 13, 2008). Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. *Reid v. Russell*, 2020 WL 1250427, at *2. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. *See* Dkt. No. 8 at pp. 18-19; Dkt. No. 17. Any further warnings to Plaintiff would naturally fall on deaf ears as the Court has no way of contacting him. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, the Court recommends that this action be dismissed.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 22) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 6, 2021
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge