UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**RALPH DEL VALLE,**

                                 **Plaintiff,**

    vs.                                                9:20-CV-1369
                                                             (MAD/DJS)

**LEONARD,** *Corrections Officer*,

                                 **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

RALPH DEL VALLE
13-A-2183
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**               **BRENDA T. BADDAM, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 on November 5, 2020, alleging that Defendant violated his constitutional rights. *See* Dkt. No. 1. On December 22, 2020, the Court performed an initial review of the complaint and found that Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims required a response. *See* Dkt. No. 8. On February 9, 2021, Defendant filed an answer to the complaint, and served a copy on Plaintiff at his last known address at Mid-State Correctional Facility ("Mid-State C.F."), which was returned as undeliverable. *See* Dkt. No. 22-2 at ¶ 8.

On February 9, 2021, the Court issued a Mandatory Pretrial Discovery and Scheduling Order, copies of which were sent to Plaintiff at Mid-State C.F. via regular mail.  *See* Dkt. No. 14. On February 17, 2021, the Court's scheduling order that was mailed to Plaintiff was returned and the enveloped marked "Return to Sender – Refused – Unable to Forward."  Dkt. No. 15.  On March 18, 2021, the Court issued an order directing Plaintiff to provide an updated address on or before April 30, 2021, which Plaintiff failed to do.  *See* Dkt. No. 17.

Over the next several months, all correspondence sent to Plaintiff by both the Court and Defendant to Plaintiff at his last known address has been returned as undeliverable.  Since Plaintiff has failed to participate in this litigation in any manner, the Court granted Defendant permission to move to dismiss for failure to prosecute.  In a Report-Recommendation and Order dated December 6, 2021, Magistrate Judge Stewart recommended that the Court grant Defendant's unopposed motion.  *See* Dkt. No. 25.  Neither party has objected to this recommendation.  As set forth below, Defendant's motion is granted.

Although Rule 41 of the Federal Rules of Civil Procedure permits federal courts to dismiss an action for failure to prosecute, *see* Fed. R. Civ. P. 41(b), this authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009).  The Second Circuit has "fashioned guiding rules that limit a trial court's discretion in this context...."  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  The *Drake* factors consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion

>was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* In making use of this test, no one factor is dispositive and the propriety of granting dismissal for failure to prosecute must be viewed in light of the record as a whole. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that no sanction short of dismissal is appropriate. Plaintiff's failure to prosecute and comply with the Court's procedural rules have caused significant delay. Due to Plaintiff's failure to apprise the Court and Defendant of his current address, Defendant has been unable to conduct discovery or depose Plaintiff. Moreover, Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. *See* Dkt. No. 8 at 18-19; Dkt. No. 17. Having considered all of the factors set forth in *Drake*, the Court finds that Magistrate Judge Stewart correctly determined that Defendant's motion to dismiss for failure to prosecute should be granted.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's December 6, 2021 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge